IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


CIT SMALL BUSINESS LENDING                    09-CV-400-BR
CORPORATION, a Delaware
corporation,
                                              OPINION AND ORDER
        Plaintiff,

v.

PAIN ASSOCIATES, P.C., dba
Oregon Pain Associates, an
Oregon professional
corporation; and CARL C.
BALOG, individually,

        Defendants.


WILLIAM H. MARTIN
Gleaves Swearingen Potter & Scott, LLP
975 Oak Street
Suite 800
P.O. Box 1147
Eugene, OR 97440-1147
(541) 686-8833

        Attorneys for Plaintiff


1 - OPINION AND ORDER

**DONALD J. CHURNSIDE**
Gaydos Churnside & Balthrop, PC
440 East Broadway
Suite 300
P.O. Box 1499
Eugene, OR 97401
(541) 343-8060

          Attorneys for Defendants


**BROWN, Judge.**

     This matter comes before the Court on Plaintiff CIT Small

Business Lending Corporation's Motion for Summary Judgment (#21).

For the reasons that follow, the Court **GRANTS** CIT's Motion.


                         <u>BACKGROUND</u>

     On April 28, 2006, CIT loaned $523,000 to Defendant Pain

Associates, P.C., pursuant to a Loan Agreement and Note.

     The Loan Agreement and Note provided in pertinent part:

          **Maturity**:  This Note will mature in 120 months
          from date of the Note.

          **Repayment Terms:**

              The interest rate on this Note will
              fluctuate.  The initial interest rate is
              9.750 % per year.  This initial rate is the
              prime rate on the date SBA received the loan
              application, plus 2.000%.  The initial
              interest rate must remain in effect until the
              first change period begins.

                         * * *

              Borrower must pay principal and interest
              payments of $6,840.00 every month, beginning
              2 month(s) from the month this Note is dated;

payments must be made on the first calendar
day in the months they are due.

Lender will apply each installment payment
first to pay interest  accrued to the day
Lender receives the payment, then to bring
principal current, then to pay any late fees,
and will apply any remaining balance to
reduce principal.

The interest rate will be adjusted every
calendar quarter (the "change period").

The "Prime Rate" is the prime rate in effect
on the first business day of the month in
which an interest rate change occurs, as
published in the Wall Street Journal on the
next business day.

The adjusted interest rate will be 2.000%
above the Prime Rate.  Lender will adjust the
interest rate on the first calendar day of
each change period.  The change in interest
rate is effective on that day whether or not
Lender gives Borrower notice of the change.
The initial interest rate must remain in
effect until the first change period begins.

* * *

**Late Charge:**  If a payment on this Note is more
than 15 days late, Lender may charge Borrower a
late fee of up to 5% of the unpaid portion of the
regularly scheduled payment.

* * *

DEFAULT

Borrower is in default under this Note if Borrower
does not make a payment when due under this Note.

* * *

LENDER'S RIGHTS IF THERE IS A DEFAULT

Without notice or demand and without giving up any
of its rights, Lender may:

       A.    Require immediate payment of all amounts owing under this Note;

       B.    Collect all amounts owing from any Borrower or Guarantor;

       C.    File suit and obtain judgment;

       D.    Take possession of any Collateral or

       E.    Sell, lease, or otherwise dispose of, any Collateral at public or private sale, with or without advertisement.

Compl., Ex. 2 at 2-3.

Pain Associates also gave CIT a purchase-money security interest in a number of Pain Associates' assets pursuant to a Security Agreement. CIT perfected the Security Agreement by filing Financing Statements with the Oregon Secretary of State.

On April 28, 2006, Defendant Carl C. Balog also signed an Unconditional Guarantee in which he personally guaranteed

> payment to Lender of all amounts owing under the Note. This Guarantee remains in effect until the Note is paid in full. Guarantor must pay all amounts due under the Note when Lender makes written demand upon Guarantor. Lender is not required to seek payment from any other source before demanding payment from Guarantor.

Compl., Ex. 6 at 1.

On September 1, 2008, Pain Associates failed to make the payment due under the Loan Agreement and Note. CIT demanded payment from Pain Associates and Balog and ultimately accelerated the balance due date on the Note.

On April 17, 2009, CIT filed an action in this Court seeking

4 - OPINION AND ORDER

(1) a judgment in favor of CIT against Pain Associates in the
amount of $444,574.71 plus interest and late charges,
(2) a judgment against Balog in the amount of $444,574.71 plus
interest and late charges, (3) a declaration that CIT's security
interest reflected in the Security Agreement constitute "valid
and superior liens for the foregoing sums of money on" the assets
secured by the Security Agreement, (4) a declaration that the
Security Agreement is foreclosed and the assets noted in the
Security Agreement are to be sold by the Multnomah County
Sheriff, (5) authorization to have a Writ of Execution issued
directing the Multnomah County Sheriff to take the assets noted
in the Security Agreement into custody for sale, and (6) an order
directing the proceeds of the sale to be applied in the manner
set out by CIT.

CIT seeks summary judgment on all of its claims.


### STANDARDS

Federal Rule of Civil Procedure 56(c) authorizes summary
judgment if no genuine issue exists regarding any material fact
and the moving party is entitled to judgment as a matter of law.
The moving party must show the absence of an issue of material
fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th
Cir. 2005). In response to a properly supported motion for
summary judgment, the nonmoving party must go beyond the

5 - OPINION AND ORDER

pleadings and show there is a genuine issue of material fact for trial. *Id.*

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Id.* "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters Local Union No. 1936,* 680 F.2d 594, 598 (9th Cir. 1982)).

A mere disagreement about a material issue of fact, however, does not preclude summary judgment. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990). When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *Wong v. Regents of Univ. of Cal.*, 379 F.3d 1097 (9th Cir. 2004), *as amended by* 410 F.3d 1052, 1055 (9th Cir. 2005) (citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998)).

The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller*

*Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006).  If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment.  *Id*.


## DISCUSSION

Defendants do not dispute their liability under the Loan Agreement and Note and Guarantee.  Nevertheless, Defendants contend summary judgment is precluded because material issues of fact exist as to how Defendants' payments were credited and the interest rate that CIT used to determine the amount Defendants owe under the various agreements.  Defendants also state they have submitted an Offer in Compromise to the Small Business Administration (SBA), and the SBA could pay some of Defendants' obligations.  Thus, the amount Defendants owe under the various agreements may be less than CIT seeks.

**I.   A genuine issue of material fact does not exist as to the manner in which Plaintiff calculated the amount that Defendants owe under the various agreements.**

As noted, Defendants contend summary judgment is precluded because material issues of fact exist as to how Defendants' payments were credited and the interest rate that CIT used to determine the amount Defendants owe under the various agreements.

As CIT notes, however, the Loan Agreement and Note specifically set out the manner in which interest is calculated:

The interest rate on this Note will fluctuate.

7 - OPINION AND ORDER

The initial interest rate is 9.750 % per year.
This initial rate is the prime rate on the date
SBA received the loan application, plus 2.000%.
The initial interest rate must remain in effect
until the first change period begins.

* * *

The interest rate will be adjusted every calendar
quarter (the "change period").

The "Prime Rate" is the prime rate in effect on
the first business day of the month in which an
interest rate change occurs, as published in the
Wall Street Journal on the next business day.

The adjusted interest rate will be 2.000% above
the Prime Rate.  Lender will adjust the interest
rate on the first calendar day of each change
period.

Compl., Ex. 2 at 2.  The Loan Agreement also provides in

pertinent part:  "Lender will apply each installment payment

first to pay interest accrued to the day Lender receives the

payment, then to bring principal current, then to pay any late

fees, and will apply any remaining balance to reduce principal."

Compl., Ex. 2 at 2.  CIT asserts it applied Defendants' payments

as set out in the agreements and Defendants received monthly

statements informing them of how their payments were applied and

the remaining balance on the loan.  In addition, CIT filed a

Payment History Report detailing all of Defendants' payments, the

dates on which they were made, the portion of the payment that

went to principal and the portion that went to interest, fees,

the principal balance, and the applicable interest rates applied

from May 2006 through February 2008.  Decl. of Barry Sullivan,

8 - OPINION AND ORDER

Ex. 1 at 1-2.

Defendants do not point to any evidence in the record that supports its contention that CIT improperly applied Defendants' payments, charged Defendants an improper amount of interest, or improperly calculated the amount of principal remaining on the loan.

On this record, the Court concludes Defendants have not established a genuine issue of material fact exists as to the manner in which Plaintiff calculated the amount that Defendants owe under the various agreements.

## II. Defendants' Offer of Compromise to the SBA does not create a genuine issue of material fact.

In their Response to Plaintiff's Motion, Defendants contend they submitted an Offer in Compromise to the SBA. According to Defendants, the SBA will pay a portion of Defendants' debt to CIT if the SBA accepts Defendant's Offer. Defendants, however, fail to include any terms of their offer to the SBA, and the record does not reflect the SBA has accepted Defendants' offer. Defendants, therefore, have not established they do not owe CIT the full amount demanded by CIT nor have they established a genuine issue of material fact exists that precludes summary judgment.

Accordingly, the Court grants Plaintiff's Motion for Summary Judgment.

9 - OPINION AND ORDER

**CONCLUSION**

For these reasons, the Court **GRANTS** Plaintiff's Motion for Summary Judgment (#21).  The Court **DIRECTS** Plaintiff to submit a form of Judgment that includes the condition that if the SBA pays CIT any portion of Defendants' debt, CIT will reduce Defendants' debt by that amount and refund any overpaid amounts to Defendants.

IT IS SO ORDERED.

DATED this 18th day of December, 2009.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


CIT SMALL BUSINESS LENDING                    09-CV-400-BR
CORPORATION, a Delaware
corporation,
                                              OPINION AND ORDER
          Plaintiff,

v.

PAIN ASSOCIATES, P.C., dba
Oregon Pain Associates, an
Oregon professional
corporation; and CARL C.
BALOG, individually,

          Defendants.


WILLIAM H. MARTIN
Gleaves Swearingen Potter & Scott, LLP
975 Oak Street
Suite 800
P.O. Box 1147
Eugene, OR 97440-1147
(541) 686-8833

          Attorneys for Plaintiff


1 - OPINION AND ORDER

DONALD J. CHURNSIDE
Gaydos Churnside & Balthrop, PC
440 East Broadway
Suite 300
P.O. Box 1499
Eugene, OR 97401
(541) 343-8060

      Attorneys for Defendants


**BROWN, Judge.**

    This matter comes before the Court on Plaintiff CIT Small

Business Lending Corporation's Motion for Summary Judgment (#21).

For the reasons that follow, the Court **GRANTS** CIT's Motion.


<u>BACKGROUND</u>

    On April 28, 2006, CIT loaned $523,000 to Defendant Pain

Associates, P.C., pursuant to a Loan Agreement and Note.

    The Loan Agreement and Note provided in pertinent part:

       **Maturity**:  This Note will mature in 120 months
       from date of the Note.

       **Repayment Terms:**

          The interest rate on this Note will
          fluctuate.  The initial interest rate is
          9.750 % per year.  This initial rate is the
          prime rate on the date SBA received the loan
          application, plus 2.000%.  The initial
          interest rate must remain in effect until the
          first change period begins.

               * * *

          Borrower must pay principal and interest
          payments of $6,840.00 every month, beginning
          2 month(s) from the month this Note is dated;

payments must be made on the first calendar
day in the months they are due.

Lender will apply each installment payment
first to pay interest  accrued to the day
Lender receives the payment, then to bring
principal current, then to pay any late fees,
and will apply any remaining balance to
reduce principal.

The interest rate will be adjusted every
calendar quarter (the "change period").

The "Prime Rate" is the prime rate in effect
on the first business day of the month in
which an interest rate change occurs, as
published in the Wall Street Journal on the
next business day.

The adjusted interest rate will be 2.000%
above the Prime Rate.  Lender will adjust the
interest rate on the first calendar day of
each change period.  The change in interest
rate is effective on that day whether or not
Lender gives Borrower notice of the change.
The initial interest rate must remain in
effect until the first change period begins.

* * *

**Late Charge:**  If a payment on this Note is more
than 15 days late, Lender may charge Borrower a
late fee of up to 5% of the unpaid portion of the
regularly scheduled payment.

* * *

DEFAULT

Borrower is in default under this Note if Borrower
does not make a payment when due under this Note.

* * *

LENDER'S RIGHTS IF THERE IS A DEFAULT

Without notice or demand and without giving up any
of its rights, Lender may:

3 - OPINION AND ORDER

       A.    Require immediate payment of all amounts
              owing under this Note;

       B.    Collect all amounts owing from any
              Borrower or Guarantor;

       C.    File suit and obtain judgment;

       D.    Take possession of any Collateral or

       E.    Sell, lease, or otherwise dispose of,
              any Collateral at public or private
              sale, with or without advertisement.

Compl., Ex. 2 at 2-3.

Pain Associates also gave CIT a purchase-money security interest in a number of Pain Associates' assets pursuant to a Security Agreement. CIT perfected the Security Agreement by filing Financing Statements with the Oregon Secretary of State.

On April 28, 2006, Defendant Carl C. Balog also signed an Unconditional Guarantee in which he personally guaranteed

      payment to Lender of all amounts owing under the
      Note. This Guarantee remains in effect until the
      Note is paid in full. Guarantor must pay all
      amounts due under the Note when Lender makes
      written demand upon Guarantor. Lender is not
      required to seek payment from any other source
      before demanding payment from Guarantor.

Compl., Ex. 6 at 1.

On September 1, 2008, Pain Associates failed to make the payment due under the Loan Agreement and Note. CIT demanded payment from Pain Associates and Balog and ultimately accelerated the balance due date on the Note.

On April 17, 2009, CIT filed an action in this Court seeking

(1) a judgment in favor of CIT against Pain Associates in the
amount of $444,574.71 plus interest and late charges,
(2) a judgment against Balog in the amount of $444,574.71 plus
interest and late charges, (3) a declaration that CIT's security
interest reflected in the Security Agreement constitute "valid
and superior liens for the foregoing sums of money on" the assets
secured by the Security Agreement, (4) a declaration that the
Security Agreement is foreclosed and the assets noted in the
Security Agreement are to be sold by the Multnomah County
Sheriff, (5) authorization to have a Writ of Execution issued
directing the Multnomah County Sheriff to take the assets noted
in the Security Agreement into custody for sale, and (6) an order
directing the proceeds of the sale to be applied in the manner
set out by CIT.

    CIT seeks summary judgment on all of its claims.


## STANDARDS

    Federal Rule of Civil Procedure 56(c) authorizes summary
judgment if no genuine issue exists regarding any material fact
and the moving party is entitled to judgment as a matter of law.
The moving party must show the absence of an issue of material
fact.  *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th
Cir. 2005).  In response to a properly supported motion for
summary judgment, the nonmoving party must go beyond the

5 - OPINION AND ORDER

pleadings and show there is a genuine issue of material fact for trial. *Id.*

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Id.* "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters Local Union No. 1936,* 680 F.2d 594, 598 (9th Cir. 1982)).

A mere disagreement about a material issue of fact, however, does not preclude summary judgment. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990). When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *Wong v. Regents of Univ. of Cal.*, 379 F.3d 1097 (9th Cir. 2004), *as amended by* 410 F.3d 1052, 1055 (9th Cir. 2005) (citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998)).

The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller*

*Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006).  If the
resolution of a factual dispute would not affect the outcome of
the claim, the court may grant summary judgment.  *Id*.


## DISCUSSION

Defendants do not dispute their liability under the Loan
Agreement and Note and Guarantee.  Nevertheless, Defendants
contend summary judgment is precluded because material issues of
fact exist as to how Defendants' payments were credited and the
interest rate that CIT used to determine the amount Defendants
owe under the various agreements.  Defendants also state they
have submitted an Offer in Compromise to the Small Business
Administration (SBA), and the SBA could pay some of Defendants'
obligations.  Thus, the amount Defendants owe under the various
agreements may be less than CIT seeks.

**I.   A genuine issue of material fact does not exist as to the
manner in which Plaintiff calculated the amount that
Defendants owe under the various agreements.**

As noted, Defendants contend summary judgment is precluded
because material issues of fact exist as to how Defendants'
payments were credited and the interest rate that CIT used to
determine the amount Defendants owe under the various agreements.

As CIT notes, however, the Loan Agreement and Note
specifically set out the manner in which interest is calculated:

The interest rate on this Note will fluctuate.

7 - OPINION AND ORDER

The initial interest rate is 9.750 % per year. This initial rate is the prime rate on the date SBA received the loan application, plus 2.000%. The initial interest rate must remain in effect until the first change period begins.

* * *

The interest rate will be adjusted every calendar quarter (the "change period").

The "Prime Rate" is the prime rate in effect on the first business day of the month in which an interest rate change occurs, as published in the Wall Street Journal on the next business day.

The adjusted interest rate will be 2.000% above the Prime Rate. Lender will adjust the interest rate on the first calendar day of each change period.

Compl., Ex. 2 at 2. The Loan Agreement also provides in pertinent part: "Lender will apply each installment payment first to pay interest accrued to the day Lender receives the payment, then to bring principal current, then to pay any late fees, and will apply any remaining balance to reduce principal." Compl., Ex. 2 at 2. CIT asserts it applied Defendants' payments as set out in the agreements and Defendants received monthly statements informing them of how their payments were applied and the remaining balance on the loan. In addition, CIT filed a Payment History Report detailing all of Defendants' payments, the dates on which they were made, the portion of the payment that went to principal and the portion that went to interest, fees, the principal balance, and the applicable interest rates applied from May 2006 through February 2008. Decl. of Barry Sullivan,

8 - OPINION AND ORDER

Ex. 1 at 1-2.

Defendants do not point to any evidence in the record that supports its contention that CIT improperly applied Defendants' payments, charged Defendants an improper amount of interest, or improperly calculated the amount of principal remaining on the loan.

On this record, the Court concludes Defendants have not established a genuine issue of material fact exists as to the manner in which Plaintiff calculated the amount that Defendants owe under the various agreements.

## II. Defendants' Offer of Compromise to the SBA does not create a genuine issue of material fact.

In their Response to Plaintiff's Motion, Defendants contend they submitted an Offer in Compromise to the SBA. According to Defendants, the SBA will pay a portion of Defendants' debt to CIT if the SBA accepts Defendant's Offer. Defendants, however, fail to include any terms of their offer to the SBA, and the record does not reflect the SBA has accepted Defendants' offer. Defendants, therefore, have not established they do not owe CIT the full amount demanded by CIT nor have they established a genuine issue of material fact exists that precludes summary judgment.

Accordingly, the Court grants Plaintiff's Motion for Summary Judgment.

**CONCLUSION**

For these reasons, the Court **GRANTS** Plaintiff's Motion for Summary Judgment (#21).  The Court **DIRECTS** Plaintiff to submit a form of Judgment that includes the condition that if the SBA pays CIT any portion of Defendants' debt, CIT will reduce Defendants' debt by that amount and refund any overpaid amounts to Defendants.

IT IS SO ORDERED.

DATED this 18th day of December, 2009.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District